# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| UNITED STATES OF AMERICA | ORDER OF DETENTION PENDING |
| --- | --- |
| v. | REVOCATION HEARING |
| RODNEY DEE KYLE | Case Number: 1:07-CR-117 |

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I - Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - [ ] a crime of violence as defined in 18 U.S.C. §3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] under 18 U.S.C. §924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [x] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

The facts giving rise to the petition to revoke defendant's supervised release were made known to the district judge shortly after they occurred, and the court allowed defendant to remain at CAP pending further investigation. Subsequently, the petition to revoke was filed by the probation office, and the court issued a warrant for defendant's arrest, rather than a summons. Defendant is presently detained following arrest, pending a revocation hearing. Since the defendant's arrest, there has been no change (continued on attachment)

## Part II - Written Statement of Reasons for Detention

Defendant has failed to show by clear and convincing evidence that there is a condition or combination of conditions that will assure the safety of the community and his presence in court. As a practical matter, in this unique instance the district court has already made this determination by ordering defendant's arrest on the petition, after having been previously advised in the matter at a mid-October ACE meeting, and having subsequently defendant moved from CAP to detention. Alternatively, putting aside the district court's decision to issue an arrest warrant, the court finds that the 24 separate (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| Dated: November 2, 2009 | /s/ Hugh W. Brenneman, Jr. |
| --- | --- |
| | *Signature of Judicial Officer* |
| | Hugh W. Brenneman, Jr., United States Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Rodney Dee Kyle
1:07-CR-117
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B) - (continued)**

    in any of the circumstances surrounding this matter which would warrant his release.

    The government has also introduced an exhibit showing that approximately 24 times over the last two months the defendant had a total of over 100 hours unaccounted for while at CAP. In October alone, he failed to account for approximately 50 hours of his time while at the halfway house.

**Part II - Written Statement of Reasons for Detention - (continued)**

    instances of time being unaccounted for in a two-month span, plus the use of drugs, all while defendant was at CAP, substantially demonstrate that defendant refuses to abide by the trust placed in him by the court, or to follow the rules of the halfway house program. Under these circumstances, defendant has not shown by clear and convincing evidence that he can be counted upon to appear when ordered by the court.